IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH T. NAVIGLIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1029 |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOROUGH OF SPRINGDALE, | ) | United States Magistrate Judge |
| JASON FRY, JOHN MOLNAR, FRANK | ) | Cynthia Reed Eddy |
| FORBES, GENE POLSENELLI, MIKE | ) | |
| ZIENCIK, KENNETH LLOYD, and | ) | |
| JULIO F. MEDEIROS, III, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM ORDER[1]

**Cynthia Reed Eddy, United States Magistrate Judge**

This is a civil rights action initiated by Plaintiff Joseph T. Naviglia under 42 U.S.C. § 1983 alleging that the above-captioned Defendants violated his First and Fourteenth Amendment rights. On August 16, 2016, the Court granted in part and denied in part Defendants' then-pending motion to dismiss. *See* ECF Nos. 19, 32, 33. Relevant here, the Court granted the motion relating to Plaintiff's § 1983 claims against the Borough of Springdale ("Borough") for failing to state a *Monell* claim, and granted Plaintiff leave to file a second amended complaint to cure the deficiencies identified in the Court's Opinion. ECF Nos. 32, 33.

In said previous Opinion, the Court provided the following basis for dismissal of the *Monell* claim:

> The amended complaint does not identify a Borough policy or a custom that caused any of Plaintiff's alleged constitutional deprivations. Nor does it allege

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have voluntarily consented to have the undersigned conduct any and all proceedings herein, including the authority to enter final judgment, with direct review by the United States Court of Appeals for the Third Circuit. ECF Nos. 23, 31.

1

that any of the individuals named therein were final policymakers acting on behalf of the Borough in that capacity. Instead, it vaguely asserts that the Borough took unlawful actions against Plaintiff in retaliation for his protected conduct and denied him of a pre-termination hearing. It also nebulously asserts that the Borough has taken similar actions in the past against other certain police officers, although it fails to offer any details as to which Borough officials participated in said actions or what the surrounding circumstances were. These threadbare, conclusory allegations are insufficient to state a claim for municipal liability as they do not provide a reasonable expectation that discovery will reveal that the Borough had in place either policies or customs that violated Plaintiff's constitutional rights.

Indeed, given that the amended complaint does not identify any municipal policies or customs, and does not identify any policymakers with final unreviewable decisonmaking authority, Plaintiff has failed to state a claim against the Borough. To hold otherwise would impermissibly subject the Borough to liability based on the actions of the Borough's representatives, not the Borough itself. See Hill v. Borough of Kutztown, 455 F.3d 225, 245-46 (3d Cir. 2006) (analyzing whether a borough official was a policymaker with final and unreviewable authority); Ross v Borough of Dormont, 937 F.Supp.2d 638, 651-52 (W.D. Pa. 2013) (dismissing a municipal liability claim for failing to identify a policy or custom of the borough). Accordingly, Defendant's motion to dismiss the § 1983 claims against the Borough is granted.

ECF No. 32 at 8-9 (footnote 4 omitted).

Plaintiff filed a second amended complaint on August 26, 2016. ECF No. 34. He abandoned his *Monell* claim with respect to his First Amendment retaliation claim, but reasserted his Fourteenth Amendment procedural due process claim against the Borough. Id.

In support of his Fourteenth Amendment claim against the Borough, he points to the fact that there are several pending federal lawsuits brought by former Borough police officers alleging that the Borough and the same individual Defendants similarly violated their procedural due process rights.[2] At this early stage, the Court concludes that these additional allegations against the Borough sufficiently raise a reasonable expectation that discovery will uncover proof

---

[2] See Corr v. Springdale Borough, 2:15-cv-637; Griffin v. Springdale Borough, 2:15-cv-1152; and Medeiros v. Springdale Borough, Pennsylvania, 2:16-cv-1370. Although the *Medeiros* action is not specifically referenced in the amended complaint, Plaintiff identifies it in his brief in opposition, and given that it is a matter of public record, the Court may take notice of it. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

2

that the Borough had in place an unlawful policy or custom of depriving its employees of pre-termination *Loudermill* hearings.[3]  See Connelly v. Lane Cont. Corp., 809 F.3d 780, 789 (3d Cir. 2016). Accordingly, the Court likewise concludes that the second amended complaint cured the deficiencies that were present in the previous pleadings such that this *Monell* claim survives Defendant's renewed motion to dismiss (ECF No. 36) under the applicable *Twombly* and *Iqbal* standard.

**AND NOW**, this 20th day of October 2016, upon consideration of Defendant's renewed motion to dismiss (ECF No. 36) and supporting Brief (ECF No. 37), as well as this Court's prior Memorandum Opinion and Order (ECF Nos. 32, 33), the second amended complaint (ECF No. 34), and Plaintiff's response in opposition to the pending motion (ECF No. 42), it is hereby **ORDERED** that Defendant's renewed motion to dismiss is **DENIED**. In accordance with Rule 12(a)(4)(A), Defendant's responsive pleading is due fourteen (14) days after the date of this Memorandum Order.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

---

[3]  The Court acknowledges that the Defendants in those actions are vigorously defending these assertions lodged against them. Nevertheless, when drawing all reasonable inferences in a light most favorable to Plaintiff, the Court concludes that Plaintiff has nudged his *Monell* claim across the line to plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).